UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHRYN J. SOLE,

    Plaintiff,

v.   Case No. 8:19-cv-3114-T-60JSS

ELISABETH DEVOS, in her official
capacity as Secretary of the United
States Department of Education,
UNITED STATES DEPARTMENT OF
EDUCATION, and RELIANT
CAPITAL SOLUTIONS, LLC,

    Defendants.
_____/

**ORDER ON "UNITED STATES' MOTION TO DISMISS" AND PLAINTIFF'S "MOTION FOR LEAVE TO FILE AN AMENDED COMLAINT"**

This matter is before the Court on the "United States' Motion to Dismiss" (Doc. 16) and Plaintiff Kathryn J. Sole's "Motion for Leave to File an Amended Complaint" (Doc. 23). Upon review of the motions, court file, and record, the Court finds as follows:

**Background**[1]

Plaintiff Kathryn J. Sole is a law school graduate and borrower of federal student loans. She filed her complaint against Secretary of Education Elisabeth DeVos, the United States Department of Education, and Reliant Capital Solutions,

---

[1] The Court accepts the well-pleaded facts in Plaintiff's complaint as true for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

LLC, alleging that Defendants have taken unlawful actions to service her delinquent student loans. The original complaint alleges the following counts against all Defendants: (1) declaratory judgment, (2) accounting, (3) violation of the Florida Deceptive Unfair Trade Practices Act ("FDUTPA"), (4) violation of the Florida Consumer Collections Practices Act ("FCCPA"), (5) violation of the Fair Debt Collections Practices Act ("FDCPA"), (6) breach of fiduciary duty, (7) negligence, (8) unjust enrichment, and (9) slander of credit.

Secretary DeVos and the Department of Education (collectively, the "United States") have moved to dismiss the complaint on sovereign immunity grounds. Rather than respond to the United States' motion, Plaintiff moved for leave to amend her complaint. On July 24, 2020, the Court directed Plaintiff to file a written response to address whether amendment of her complaint would be futile in light of the United States' sovereign immunity arguments. Plaintiff filed her response on August 6, 2020.

## Analysis

In its motion to dismiss, the United States argues that all claims against it are barred by sovereign immunity. Instead of responding to the United States' motion, Plaintiff has moved to amend her complaint. District courts "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court is not mandated to permit amendment where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment is futile "when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

Plaintiff's proposed amended complaint is nearly identical to her original complaint.[2] In her written memorandum, Plaintiff generally argues that sovereign immunity is inconsistent with fundamental constitutional principles, and she does not identify any applicable waivers of sovereign immunity related to her case. Upon review, the Court finds that sovereign immunity bars each of Plaintiff's claims against the United States.

The United states may only be sued to the extent it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814 (1976). "[A] waiver of the [United States'] sovereign immunity must be unequivocally expressed in statutory text and will be strictly construed, in terms of its scope, in favor of the sovereign." *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008) (internal quotations omitted). If the United States has not waived its immunity, the Court lacks jurisdiction to proceed on a claim against the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

In Count I, Plaintiff seeks declaratory judgment, alleging that she has no obligation to Defendants based on their noncompliance with Florida law and the Electronic Signatures Act. *See* §§ 725.01; 673.3011; 559.715; 668.50, *F.S.*; 15 U.S.C. § 7021. Even when seeking declaratory relief, a plaintiff "must still establish a valid waiver of sovereign immunity …" *Kigh v. U.S. District Court, N. Dist. Of*

---

[2] In the proposed amended complaint, Plaintiff seeks to drop her accounting claim against all Defendants and add a Fifth Amendment claim against the Department of Education.

*Georgia,* 681 F. App'x 882, 883 (11th Cir. 2017) (citing *Lynch v. United States,* 292 U.S. 571, 582 (1934)).  Congress has not waived the United States' sovereign immunity under Florida statutory law or the Electronic Signatures Act.  *See* 15 U.S.C. § 7001 *et seq*.  Accordingly, Plaintiff's declaratory judgment claim against the United States is barred by sovereign immunity.

In Counts II and III, Plaintiff seeks relief under FDUTPA (§ 501.201, *F.S.*) and the FCCPA (§ 559.72, *F.S.*).  Congress has not waived sovereign immunity under Florida statutory law.  *See, e.g.*, *United States v. Gordon*, No. 8:10-cv-580-T-23EAJ, 2010 WL 2643531, at *3 (M.D. Fla. June 30, 2010) (explaining that the plaintiff had failed "to establish that the United States waived sovereign immunity with respect to [his] counterclaim for violation of the FCCPA").  These claims against the United States are therefore barred by sovereign immunity.

In Count IV, Plaintiff alleges several violations of the FDCPA.  The FDCPA expressly excludes "any officer or employee of the United States" from its definition of "debt collector."  15 U.S.C. § 1692a(6)(c).  It is therefore clear that "Congress did not waive the sovereign immunity of the United States in the FDCPA."  *Williams v. U.S. Dist. Ct. for Dist. of Newark, New Jersey*, 455 F. App'x 142, 143 (3d Cir. 2011) (citing *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007)).  Consequently, Plaintiff's FDCPA claim against the United States is barred by sovereign immunity.

In Count VII, Plaintiff alleges that Defendants have been unjustly enriched by her student loan payments.  However, the United States "has not specifically waived sovereign immunity in state law unjust enrichment suits."  *Jordan v.*

*Defense Fin. & Acct. Servs.*, 744 F. App'x 692, 696 (11th Cir. 2018). Therefore, Plaintiff's unjust enrichment claim against the United States is barred by sovereign immunity.

In Counts V, VI, and VIII, Plaintiff brings claims for breach of fiduciary duty, negligence, and slander of credit. Plaintiff's breach of fiduciary duty and negligence claims allege that Defendants damaged her when they provided her with false information regarding the status of her student loans; her slander of credit claim alleges that Defendants published false information about her financial, personal, and consumer reputation.

Through the Federal Tort Claims Act ("FTCA"), Congress has waived sovereign immunity based on many state law tort claims. 28 U.S.C. § 1346; *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). However, under the misrepresentation exception, Congress' waiver expressly excludes any claim arising out of libel, slander, misrepresentation, or deceit. 28 U.S.C. § 2680(h). "The phrase 'arising out of' is interpreted broadly to include all injuries that are dependent upon one of the listed torts having been committed." *Zelaya*, 781 F.3d at 1333 (citing *United States v. Shearer*, 473 U.S. 52, 55 (1985)). As such, "if the governmental conduct that is essential to proving a plaintiff's claim would be covered by the misrepresentation exception, then the Government is shielded from liability by sovereign immunity, no matter how the plaintiff may have framed his claim or articulated his theory." *Id.* at 1334.

Here, Plaintiff's breach of fiduciary duty and negligence claims are premised on Defendants providing her with false information, and her slander of credit claim

is based on Defendants publishing false information about her.  Plaintiff's allegations are therefore premised on libel, slander, misrepresentation, or deceit.  As a result, these claims fall within the misrepresentation exception and are barred by sovereign immunity.[3]

Lastly, in her proposed amended complaint, Plaintiff seeks to add a new claim against the Department of Education for violation of her Fifth Amendment due process rights.  Specifically, Plaintiff alleges that the Department seized her federal tax refund to pay for her delinquent student loans without due process of law.  However, claims based directly on Fifth Amendment violations are barred by sovereign immunity.  *See, e.g.*, *Sharma v. Drug Enforcement Agency*, 511 F. App'x 898, 901 (11th Cir. 2013); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971) (Harlan, J. concurring)); *Brooks v. U.S. Dep't of Educ. Fed. Offset Unit*, No. 3:19-cv-50-J39JRK, 2019 WL 1976449, at *3 (M.D. Fla. Mar. 21, 2019); *Ragans v. Smith*, No. 8:10-cv-828-T-23TBM, 2010 WL 3044051, at *2 n.5 (M.D. Fla. July 14, 2010).  Accordingly, Plaintiff's proposed Fifth Amendment claim is also barred by sovereign immunity.

## Conclusion

After a thorough review of the operative complaint and the proposed amended complaint, the Court finds that all of Plaintiff's claims against the United States are barred by sovereign immunity.  As a result, Plaintiff's complaint – even if

---

[3] The Court notes that even if Plaintiff's claims did not fall under the misrepresentation exception, she has also failed to plead that she exhausted her administrative remedies against the United States under 28 U.S.C. § 2675.  *See Caldwell v. Klinker*, 646 F. App'x 842, 846-47 (11th Cir. 2016).

amended – would still be subject to dismissal.  Consequently, Plaintiff's motion for leave to amend is due to be denied, and the United States' motion to dismiss is due to be granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's "Motion for Leave to File an Amended Complaint" (Doc. 23) is **DENIED**.

2. The "United States' Motion to Dismiss" (Doc. 16) is **GRANTED**.

3. Plaintiff's claims against Defendants Elisabeth DeVos and the United States Department of Education are **DISMISSED WITH PREJUDICE**.

4. The Clerk is directed to terminate Defendants Elisabeth DeVos and the United States Department of Education as parties to this action.

5. This matter remains pending against Defendant Reliant Capital Solutions, LLC.

**DONE** and **ORDERED**, in Chambers, in Tampa, Florida, this 20th day of August, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**